IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER GOODVINE,

                                                     ORDER

                Plaintiff,

                                                   06-C-491-bbc

     v.

GREG GRAMS, JANEL NICKEL, CAPTAIN JOHNSON,
CAPT. S. SALTER, CAPT. TRATTLES, LIEUTENANT
KELLER, LT. SCHOENBERG, MATTHEW J. FRANK,
BURT TAMMINGA, MS. SITZMAN, LT. STRUPP,
MS. HAHNISCH, MS. WARD, MS. MUCHOW,
T. BITTLEMAN, CYNTHIA THORPE and DR. SULIENE,

                Defendants..

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a procedurally odd case. It was filed originally in September of 2006 and assigned to Judge John C. Shabaz. It progressed rapidly according to the schedule established by Judge Shabaz to a November 13, 2008 dispositive motions deadline, at which time defendants moved for summary judgment. When plaintiff complained that he could not respond to the motion without obtaining a continuance or a stay of the proceedings, Judge Shabaz entered an order dated November 20, 2006, finding that additional discovery did not appear to be necessary and that the problems plaintiff faced in responding to the

motion were the result of rules that were within the authority of prison officials to impose. He resolved the matter by dismissing the action "without prejudice to plaintiff's reopening it when he is able to prosecute it" (Dkt. #38 at p. 1).  Eighteen months later, on May 16, 2008, plaintiff filed his response to defendants' motion for summary judgment and moved to reopen the case.  By that time, Judge Shabaz had taken leave of the court to recover from shoulder surgery and I assumed jurisdiction over the case.  In an order dated May 23, 2008, I granted plaintiff's motion to reopen and gave defendants until June 12, 2008, in which to serve and file a reply to plaintiff's materials opposing their summary judgment motion.  On June 3, 2008, defendants moved for an enlargement of time to file their reply.  I granted that motion and allowed them an additional five weeks or until July 18, 2008, in which to serve and file a reply.  Now defendants have filed a document titled "Defendants' Reply to Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment, and Motion for a New Dispositive Motion Schedule" (Dkt. #67), which is accompanied by defendants' response to plaintiff's proposed findings of fact (Dkt. #65) and a reply to plaintiff's response to defendants' proposed findings of fact (Dkt. #66).

      A review of defendants' "reply to plaintiff's brief. . . ." reveals that it contains no legal argument whatsoever.  Rather, it is exclusively a motion seeking permission to begin another round of briefing on their motion for summary judgment.  In support of this unorthodox and unusual motion to start fresh, defendants argue that 1) one of their arguments in favor of

2

summary judgment is no longer a valid argument in light of Jones v. Bock, 549 U.S. 199 (2007) (PLRA does not impose a "total exhaustion" rule); 2) plaintiff's claims might require severance under Fed. R. Civ. P. 20, which would allow them to focus better on the individual claims; 3) in the time that has passed since defendants first moved for summary judgment, at least one defendant has died and others may be unreachable so they would like to "take count of their defendants before proceeding any further in this matter"; and 4) certain facts proposed by the parties might be found in dispute, but defendants would like to argue that newer case law, Scott v. Harris, 127 S.Ct. 1769 (2007), supports an argument that plaintiff's facts should be disregarded when his version is "blatantly contradicted by the record, so that no reasonable jury could believe it."

    I am not inclined to grant defendants' motion.  In the first place, they already have filed a reply to plaintiff's opposition materials.  It would be wasteful of everyone's time to throw out all of the parties' previous work and start afresh.  It is a simple matter to disregard defendants' total exhaustion argument in light of their concession that it is no longer valid. As for defendants' contention that they might better focus on plaintiff's claims if those claims were severed under the rule established in George v. Smith, 507 F.3d 605 (7th Cir. 2007), I am perplexed.  Even before George was decided, a party moving for summary judgment would have been expected to focus on the claims raised in the complaint as keenly as necessary to present valid arguments and factual evidence to support their belief that they

3

are entitled to summary judgment in their favor. George did not change that. Moreover, at the time George was decided, I took the position that for the sake of judicial economy and efficiency for the parties, I would not disturb the progress of cases that had advanced as far as summary judgment by severing unrelated claims. Rather, I would decide the motion for summary judgment and, if unrelated claims remained in the suit following the decision, I would consider whether severance for the purpose of trial might be appropriate.

This is a case in which defendants moved for summary judgment well before the George decision was issued. True, plaintiff did not oppose the motion until after George was decided, but that is of no moment. The parties have already utilized the time the court has given them to complete the task of addressing the legal merits of each of plaintiff's claims and gathering the evidence they need to support a decision in their favor. Nothing would be gained by requiring the parties to reassert their arguments and resubmit their evidence in the context of severed lawsuits.

Also perplexing is defendants' assertion that they would like to start over because one of the affiants (John Ray) has died and they need to "take count" of the other defendants. Defendants have known since May 23, 2008 that the case is once again moving forward and they have filed a response to plaintiff's version of the facts. They do not suggest what negative effect, if any, the death of affiant John Ray has had on their ability to respond to plaintiff's proposed facts or how starting over would help. Moreover, they do not explain

4

why a new briefing schedule would assist them in locating the defendants. If, when I rule on the present motion for summary judgment, the case survives in whole or in part and the whereabouts of any defendant becomes an issue for trial, defendants can raise the matter at that time.

Finally, defendants' argument that they need a new briefing schedule in order to make legal arguments about the validity of plaintiff's proposed findings of fact using a case that was decided in 2007 is unavailing. The whole purpose of the reply is to allow a moving party to challenge the opposing party's proposed findings of fact and make legal arguments relating to the admissibility of those facts and the merits of the plaintiff's claims. Defendants chose to stand on their brief in chief, with the exception of their total exhaustion argument, which they have withdrawn. There is no need to re-brief the issues in order to allow defendants to add discussions that could have been made in their reply brief.

ORDER

IT IS ORDERED that defendants' ". . . Motion for a new Dispositive Motion

Schedule" is DENIED.

Entered this 23rd day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge