IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER GOODVINE,

                                                                                           ORDER

                           Plaintiff,

                                                                                         06-cv-491-bbc

    v.

CAPTAIN JOHNSON,
LT. SCHOENBERG,
LT. STRUPP and
T. BITTLEMAN,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case, plaintiff contends that defendants subjected him to cell conditions that were so unsanitary that they violated contemporary standards of decency. A court trial is scheduled for February 23, 2009. Plaintiff has filed a petition for seven writs of habeas corpus ad testificandum as well as a request for two subpoenas for nonprisoner witnesses.

      With respect to the subpoenas, plaintiff acknowledges that he is "unable to tender any funds to the U.S. Marshals for their witness fees." However, he asks that the witnesses be required to testify telephonically. Unfortunately, plaintiff misunderstands the extent of

1

the witness fee requirements. Although parties seeking a subpoena are required to pay the witness's travel expenses, a separate fee applies for the witness's time that is unrelated to mileage or accommodations. That fee cannot be waived by this court. McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987). Accordingly, plaintiff's request for subpoenas must be denied.

The plaintiff's proposed prisoner witnesses fall into three categories: (1) prisoners who will testify that they witnessed plaintiff's cell conditions and overheard plaintiff complaining to defendants about his cell; (2) prisoners in nearby cells who will testify about their own cell conditions; and (3) a prisoner who will testify that plaintiff was "not acting in a disruptive manner before" he was placed in the cell. The testimony of the prisoners in the first category may be relevant to help plaintiff prove that his cell conditions were unsanitary and that defendants knew about it. However, plaintiff does not distinguish between the testimony that the prisoners in this group will give; he provides the same summary for each of the three prisoners. Under Fed. R. Evid. 403, a court may exclude evidence, even when it is relevant, if it is cumulative. This rule has even greater weight in the context of a petition for a writ of habeas corpus ad testificandum, which requires a court to balance the importance of the testimony against the security and administrative burdens imposed by transporting a prisoner to the courthouse. Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976). Accordingly, plaintiff may have until February 9 to pick *one* of the three

prisoner witnesses to testify about his observations of the cell and plaintiff's complaints to defendants.

Plaintiff's petition will be denied with respect to the second and third categories of witnesses. This case is about the allegedly unsanitary conditions of *plaintiff's* cell; the conditions of another prisoner's cell have little relevance. Whatever probative value such evidence might have is outweighed by the danger of plaintiff's case being turned into multiple trials about the conditions of all the cells in the segregation unit. Further, plaintiff says only that the witnesses will testify that "guards" were "indifferent" to complaints about unsanitary cell conditions. For the purpose of this case, the only question is whether *defendants* disregarded unsanitary cell conditions; what other guards did is irrelevant. Plaintiff has failed to show that the potential benefit of this testimony outweighs the difficulty associated with bringing the witnesses to trial.

Finally, it is not relevant to this case whether plaintiff was acting in a "disruptive" manner before being placed in the cell. The question for trial is not whether plaintiff's placement in the cell was justified, but whether the conditions of the cell were objectively serious and whether defendants knew about the conditions but disregarded them. Thus, proving why plaintiff was in the cell will not help him prove the elements of his claim.

ORDER

3

IT IS ORDERED that plaintiff Christopher Goodvine may have until February 9, 2009 to identify to the court one prisoner to testify about his observations of plaintiff's cell and plaintiff's complaints to defendants. In all other respects plaintiff's requests for subpoenas, dkt. #136, and writs of habeas corpus ad testificandum, dkt. #135, are DENIED.

Entered this 28th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge