IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                Plaintiff,

    v.

TRAVIS BITTELMAN, THOMAS
SCHOENBERG, TODD STRUPP and
MARK JOHNSON,

                Defendants.

ORDER

06-cv-491-bbc

---

The remaining issue in this case is whether defendants Travis Bittelman, Thomas Schoenberg, Todd Strupp and Mark Johnson were deliberately indifferent to a serious risk of harm to plaintiff stemming from the conditions in cell #46. Before the court are plaintiff's three motions to compel discovery, dkt. ## 94, 101 and 118. I will deny plaintiff's first motion to compel discovery except that I will compel defendants to respond to plaintiff's requests for admissions ## 1-3. Further, I am denying plaintiff's second and third motions to compel because he has received the information to which he is entitled. However, I will require defendants to produce any information in their personnel files indicating that they were found to have committed any infraction or crime relating to prisoner care or truthfulness.

I.  **Plaintiff's First Motion to Compel Discovery**

    A.  **Interrogatories**

Plaintiff moves to compel defendant to respond to interrogatories ## 4, 6, 7, 8, 10, 11, 12, 13 and 24.  In interrogatory #4 plaintiff requests the status of the inmate who was in cell #46 before him.  Although defendants initially objected to this interrogatory, they have now responded that Dale Brown was in observation status on January 4, 2006 and was placed in Program I status on January 9, 2006.

Plaintiff requests the names, DOC numbers and current addresses of the inmates housed in the observation cells area immediately before he was placed in cell #46 and during his placement in cell # 46 (interrogatory ## 6 and 7).  In their supplemental response to these interrogatories, defendants state that they are not able to retrieve this information by cell number because the information regarding cell placement is identified by inmate name.  They will not be required to provide this information.

In interrogatory #8 plaintiff requests the names of inmates who worked as unit janitors in the DA-1 unit from January 2005 through January 31, 2006.  Defendants object to this response as overly broad, burdensome and without reasonable limitation.  In their supplemental response they state that the amount of time it would take to comply with this request is vastly out of proportion to its limited relevance.  I agree with the defendants that this request is overly broad and they will not be required to answer this interrogatory.

Plaintiff also moved to compel an answer to interrogatory #24 requesting the name of the janitor that worked the night of January 9, 2006.  In response to this interrogatory,

2

defendants have now provided the names of the two janitors who worked on the night of January 9, 2006.

Plaintiff requests information about complaints filed by other inmates concerning the smell, presence or smearing of bodily waste and the staff's failure to clean cells after an inmate is removed. (Interrogatory ## 10, 11 and 12). Defendants object to these requests as overly broad and burdensome. I will not require the defendants to answer these interrogatories because the time required to obtain this information would be out of proportion to the minimal relevance of any information obtained regarding the issue in this case.

Interrogatory #13 says, "State what was done about 'the serious issues related to and cleanliness in the DS-1 unit.'" Defendants object to the interrogatory as calling for a legal conclusion. However, in their supplemental response they state that this phrase is from a letter the warden sent to plaintiff on January 17, 2006 and that the warden advised plaintiff he was referring his letter to Captain Jean Salter to investigate. This is an adequate response to interrogatory #13.

B. Admissions

Plaintiff moves to compel defendants to respond to his requests for admissions ## 1-5 and 17. Request for admission #1 asks that the defendants, "Admit that during the calendar year 2005 there were many-'many' being 10 or more- complaints to either the warden or ICE's office regarding cleanliness and sanitation in the DS-1 unit." Request for admission #2 requests that defendant admit the same for year 2006. Request for admission #3 asks defendants to

admit that some of the complaints were made by either prison guards or civilian workers in the prison. Defendants object to these requests as follows: "it is overly broad, vague, ambiguous and unintelligible and therefore requires speculation on the part of defendants as to plaintiff's meaning in order to respond." I do not agree. I think that defendants have enough information and personal knowledge to either deny or admit these three requests for admissions even though the information is only minimally relevant to the issue in this case. I will grant plaintiff's motion to compel defendants to either admit or deny his requests for admissions ## 1-3.

Plaintiff also moved to compel responses to his requests for admissions ## 4 and 5. In their supplemental responses defendants have admitted these requests. Plaintiff's request for admission #17 states, "Admit that during my stay in cell #46, I caused no problems." In their supplemental response defendants state that they do not specifically recall but that there are no entries in the observation logs from January 9, 2006 until January 11, 2006 that plaintiff caused any problems. I will consider this an admission.

### C. Production of Documents

Plaintiff moves to compel his requests for production of documents ## 1-5 and 14. Plaintiff's first request seeks a photograph of each prisoner disclosed in #8 of his first set of interrogatories. As discussed above, these names were not provided and defendants need not provide any photographs.

4

Plaintiff's second request asks defendants to photograph the observation area where cell #46 is located. In request #14 plaintiff requests that defendant produce a photograph of the standard rubber mat issued to prisoners in controlled segregation. No such photographs exist and defendants are not obligated to create documents. Pursuant to Fed. R. Civ. P. 34(a)(2), plaintiff could request to take photographs of the cell area and the rubber mat. He has not made such a request.

In his third request, plaintiff asks for any report submitted to the warden's office regarding the cleanliness and sanitation of the DS-1 unit during 2005-06. Defendants respond that there are no reports. In response to plaintiff's fourth request for Captain Salter's report, defendants respond that this report no longer exists. Defendants cannot produce reports that they do not have.

Plaintiff moves to compel the production of documents, reports, memorandums, correspondence or e-mails to the warden's office in response to his complaints about cell #46 (Request #5). Defendants have provided this information.

In summary, plaintiff's first motion to compel discovery will be denied except that I will compel defendants to admit or deny plaintiff's requests for admissions ##1-3. Plaintiff has received the other requested discovery to which he is entitled.

## II. Plaintiff's Second Motion to Compel Discovery

Plaintiff moves to compel answers to his second set of interrogatories ## 3 and 10-11 or for leave to file additional interrogatories. Interrogatory #3 requests the full names, DOC numbers and current addresses of a list of prisoners. In their addendum to their response to

5

plaintiff's second request for production of documents defendants have provided this information.

Interrogatory #10 asks whether inmate Dale Brown, the inmate who was in cell #46 before plaintiff, had any communicable disease. As defendants point out, they cannot provide this information without an appropriate authorization from Dale Brown.

Interrogatory #11 requests the current address of ex-DOC employee Mary Gilmore. Defendants respond that they have no knowledge of her current address. Therefore, they cannot provide it.

Plaintiff's second motion to compel discovery will be denied because he has been provided the information to which he is entitled. Therefore, his request to serve additional interrogatories will be denied.

**III. Plaintiff's Third Motion to Compel Discovery**

Plaintiff moves to compel defendants to produce documents in response to his second request for documents ## 1, 2, 4, 5, 7, 10 and 11. He also requests *in camera* review of the records for which defendants raise security concerns. In his second request for production of documents plaintiff asks for any letters or complaints to the wardens's office during the period June 2005-June 2006 regarding the presence of or smell of feces or urine (Request #1). As discussed above, in plaintiff's motion to compel a response to interrogatory #11, defendant need not provide this information. Plaintiff also asks for a DOC form recording whether a cell was

6

sanitized (Request #4). Defendants respond that there is no form. Therefore, they cannot provide it.

Also, plaintiff requests any letters written to the warden's office by plaintiff during 2005 regarding Guillermo Gobantes or Gabontes #385264 (Request #2). Defendants object to this request on the grounds that it seeks irrelevant information. I will not compel defendants to respond to this request because plaintiff has not shown how this information would be material to the issue in this case.

In requests for production of documents 5 and 11 plaintiff requests defendants to produce their personnel files and disciplinary letters. Defendants object to providing this information because it is confidential and could lead to a breach of security in the institution. However, there may be documents in defendants's personnel files that would be admissible as evidence in this case. I will require defendants to submit any information contained in their personnel files that a defendant was found to have committed a disciplinary infraction or a crime concerning prisoner care or truthfulness. If defendants have any question whether a particular document falls within this category, they may submit it to the court for *in camera* review.

In request #7 plaintiff asks for a current copy of the Department of Corrections Work Rules. Defendants object stating that the DOC work rules are not compiled in a text. However, in response to plaintiff's request for production of documents #10 defendants admit that they received and read all DOC Work Rules and the Code of Ethics. Therefore, it appears that there may be a document entitled DOC Work Rules, but this document need not be provided because plaintiff has not shown that it would lead to admissible evidence in this case. I will deny

plaintiff's third motion to compel discovery and for *in camera* review except for requiring defendants to produce the particular documents from their personnel files as described above..

ORDER

IT IS ORDERED that

1. Plaintiff's first motion to compel discovery, dkt. #94, is GRANTED as to the plaintiff's request for admissions 1-3 and DENIED in all other respects.

2. Plaintiff's second motion to compel discovery or for leave to serve additional interrogatories, dkt #101, is DENIED.

3. Plaintiff's third motion to compel discovery and for *in camera* review, dkt. # 118, is GRANTED as to the production of any documents in their personnel files indicating they were found to have committed an infraction or a crime concerning prisoner care or truthfulness and is DENIED in all other respects..

4. Defendants shall either admit or deny plaintiff's requests for admissions ##1-3and produce the documents required herein no later than February 2, 2009.

Entered this 29th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

8