IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER GOODVINE,

                                                   ORDER

                   Plaintiff,

                                             06-cv-491-bbc

    v.

CAPTAIN JOHNSON,
LT. SCHOENBERG,
LT. STRUPP and
T. BITTLEMAN,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 29, 2009, the magistrate judge ordered defendants to either admit or deny plaintiff's requests for admissions ##1-3 and to produce any documents in their personnel files either indicating they were found to have committed an infraction or a crime concerning prisoner care or relating to their truthfulness. On February 2, 2009, defendants submitted supplemental responses to plaintiff's requests for admissions ##1-3 and a letter stating that there was no information in the defendants' personnel files that was responsive to the court's order. Now, plaintiff has filed a motion for sanctions seeking the admission of his requests for admissions ##1 and 2 and the admission of the fact that defendant

1

Bittleman was disciplined for the ill-treatment of prisoners. He also asks that the defendant pay his expenses of $1.50. I am denying plaintiff's motion for sanctions because defendants have complied with the requirements of the magistrate judge's order.

Although defendants do not either deny or admit the request for admission in their supplemental responses to requests for admissions ##1 and 2, I am convinced that they cannot reasonably determine this information. Request #1 states as follows: "Admit that during the calendar year there were many - 'many' being 10 or more - complaints either to the warden or ICE's office regarding cleanliness and sanitation in the DS-1 unit." Request #2 is identical except that it is directed to 2006. Defendants continue to object to these requests as overly broad, vague, ambiguous and unintelligible, but then advise the court a total of 1965 inmate complaints and 2373 inmate complaints were filed with the Inmate Complaint Review System in 2005and 2006, respectively. Defendants contend that staff would have to read through all of these complaints to determine which ones pertained to cleanliness and sanitation in the DS-1 unit. I am persuaded that requiring defendants to sift through these complaints is not necessary given the marginal relevance of this information. The only issues in this case are the condition of cell #46 at the time plaintiff was housed in it, defendants' knowledge of those conditions and their actions in response. Therefore, I will deny plaintiff's motion for sanctions concerning his requests for admissions ##1 and 2.

Further, in response to the court's order for defendants to produce any documents in

their personnel files indicating that they were found to have committed an infraction or a crime concerning prisoner care or relating to their truthfulness, defendants respond that there is no such information in their files. Plaintiff objects, stating that defendants had admitted that defendant Bittleman was disciplined. In their response to plaintiff's motion for sanctions, defendants have submitted an affidavit of Bruce Schneider, Columbia Correctional Institution Human Resources Director, stating that defendant Bittleman was reprimanded on December 26, 2006, for a non-inmate related matter and that the reprimand was purged from his file after a year and is no longer in his file. Defendants have also submitted a supplemental response to plaintiff's first set of interrogatories #14 to indicate that although defendant Bittleman was reprimanded, it was not for ill-treatment of inmates. Accordingly, I find that defendants have complied with the magistrate judge's January 29, 2009 order and I will deny plaintiff's motion for sanctions concerning disciplinary records.

Finally, in addition to his motion for sanctions, plaintiff has submitted a letter discussing the portion of this court's January 29, 2009 order denying his motion to compel defendants to produce photographs of the observation area where cell #46 is located and the standard rubber mat issued to prisoners in controlled segregation. In the January 29 order, the magistrate judge stated, "No such photographs exist and defendants are not obligated to create documents. Pursuant to Fed. R. Civ. P. 34(a)(2), plaintiff could request to take

3

photographs of the cell area and the rubber mat. He has not made such a request." (Dkt. #142). Plaintiff expresses frustration at the court's suggestion that he could have requested to take photographs under Fed. R. Civ. P. 34(a)(2), because this suggestion came after the January 23, 2009 deadline for discovery and it is now too late for him to make such a request. In any case, he advises the court that it is impractical for him to request to take the photographs himself because he is at another institution. He suggests that his lawyer in a criminal matter or another inmate be allowed to take the photographs, and notes that these photographs are important because a picture of the cell would show that the entire front of the cell is made of plexiglass, thus making it easy for defendants to see the conditions of the cell.

     Petitioner is correct that the deadline for discovery has passed, and therefore he will not be allowed to make a request to take photographs under Fed. R. Civ. P. 34(a)(2). However, he should not feel prejudiced by this turn of events. At trial, he will be free to testify orally, or if need be, present a diagram showing the layout of the cell area in order to present this evidence.

4

ORDER

IT IS ORDERED that plaintiff Christopher Goodvine's motion for sanctions, dkt. #154, is DENIED.

Entered this 17th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge