IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER GOODVINE,

                                                       OPINION and ORDER

                Plaintiff,

                                                       06-cv-491-bbc

   v.

MARK JOHNSON, THOMAS SCHOENBERG,
TODD STRUPP and TRAVIS BITTELMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 24, 2009, a court trial was held on plaintiff Christopher Goodvine's claim that defendants Travis Bittelman, Thomas Schoenberg, Todd Strupp and Mark Johnson subjected plaintiff to cell conditions that were so unsanitary that they violated the Eighth Amendment. After plaintiff finished his case and each of the defendants testified, I found that plaintiff's cell was not in the condition he said it was. Judgment was entered in favor of defendants on February 26.

Now before the court is plaintiff's "motion for new trial or in the alternative to alter/amend judgment" as to defendants Bittelman and Johnson and to take additional testimony, dkt. # 185, and his motion for trial transcripts, dkt. #184. Plaintiff's motion for

1

trial transcripts will be denied as premature because he has not yet been allowed to appeal in forma pauperis  28 U.S.C. § 753(f).  In his motion for a new trial, plaintiff argues that the trial was unfair to him because of rulings I made before and during trial and that my decision was "hasty, clearly erroneous and not supported by the entirety of the evidence."  For the reasons discussed below, I will deny plaintiff's motion.

OPINION

A court may grant a new trial if the decision is against the clear weight of the evidence or the trial was unfair to the moving party.  David v. Caterpillar, 324 F.3d 851, 863 (7th Cir. 2003).  Also, a new trial may be granted as a result of an erroneous evidentiary ruling that had substantial and injurious effect or influence in determining the court's decision.  Young v. James Green Management, Inc., 327 F.3d 616, 623 (7th Cir. 2003).

1. Appointment of Counsel Motion

In orders dated June 13, 2008 and December 3, 2008, I denied plaintiff's motions for appointment of counsel.  Plaintiff contends that he needed a lawyer at trial because of his "mental illness" and "lack of legal experience," but he does not develop these arguments. In his motions requesting a lawyer, plaintiff's only evidence of mental disability was his own affidavit, but he is not qualified to diagnose himself.  More important, neither plaintiff's

2

written submissions nor his performance at trial support an argument that any mental condition from which he may suffer prevented him from representing himself adequately.

As I have noted before, plaintiff has demonstrated greater skill in this case than most pro se litigants. He survived defendants' motion for summary judgment and filed a number of motions showing that he understood what he needed to prove and how he should do it. He showed his ability at trial as well, calling witnesses that supported his claim and cross-examining those adverse to him. Although plaintiff says that at trial he had to "as[k] the court at least five times to explain an objection or its sustaining of the objection," dkt. #185, this is not unusual even for experienced lawyers.

Plaintiff was not successful at trial, but this does not show that he was prejudiced as a result of representing himself. I entered judgment in favor of defendants because I found their testimony to be more credible than plaintiff's, not because plaintiff was less versed in the rules of evidence. Accordingly, I adhere to my conclusion that plaintiff was not entitled to counsel in this case.

2. Discovery Motions

Plaintiff argues that he is entitled to a new trial because of two rulings on discovery motions. First, he says that both the magistrate judge and I erred in denying his motion to compel defendants to take photographs of the cell at issue in this case. Plaintiff's motion

3

was denied because Fed. R. Civ. P. 34 does not allow a court to order parties to create new documents.  E.g., <u>Alexander v. Federal Bureau of Investigation</u>, 194 F.R.D. 305, 310 (D.D.C. 2000) ("Rule 34 . . . only requires a party to produce documents that are already in existence"; party "is not required to prepare, or cause to be prepared, new documents solely for their production.")  Plaintiff does not cite any authority to the contrary.  Further, although plaintiff says the photographs would have supported the testimony of one of his witnesses, inmate Greg Phillips, he fails to explain how.  In any event, I made it clear in my ruling that Phillips's testimony was not helpful to plaintiff, even if I assumed that everything the witness said was true.  Thus, whether or not the photos would have corroborated Phillips's account, this could not have made a difference in the outcome of the trial.

Second, plaintiff argues that I erred in denying his motion for sanctions for defendants' failure to comply with discovery requests regarding complaints that prisoners had filed about sanitation problems in their cells.  Defendants denied that any complaints existed against them that were responsive to plaintiff's request; they objected to producing *all* complaints about sanitation filed by any prisoner as overly burdensome because it would require them to search through more than 4000 grievances during the requested time period.  I explained in the February 5 order that sanctions were not appropriate because defendants had done all they reasonably could be required to do in light of the limited probative value of the information plaintiff was seeking.

4

Plaintiff fails to develop an argument showing that my decision was erroneous or that it unfairly prejudiced him. The sole question at trial was whether *plaintiff's* cell was unsanitary as a result of *defendants'* conduct; the condition of other cells and the conduct of other officers would have shed little light on that question. Accordingly, I conclude that plaintiff has not shown that he is entitled to a new trial as a result of any discovery rulings in this case.

3. <u>Witnesses</u>

Plaintiff claims that he is entitled to a new trial because he was not allowed to bring to trial all of the witnesses he requested. Plaintiff requested seven incarcerated witnesses and two nonprisoners. Although I denied petitioner's request for subpoenas for the nonprisoner witnesses (Gregory Grams and Sean Salter) because he failed to pay the required fee, dkt. #141, at 2, those witnesses testified without a subpoena, so plaintiff could not have been harmed by that ruling.

I issued writs of habeas corpus ad testificandum for two prisoner witnesses because plaintiff represented that each of them saw the conditions of his cell at different time periods that were relevant to this case. Dkt. #158. I denied his request as to one witness who was going to testify that plaintiff was "not acting in a disruptive manner before" being placed in cell #46 because that was not a relevant issue; I denied a request as to another witness who

5

was going to testify about plaintiff's cell conditions because plaintiff failed to identify how that witness's testimony would be different from the other witnesses who were being called to testify on the same subject. Finally, I denied plaintiff's request for writs for three prisoners who were going to testify about their own cell conditions. Dkt. #141.

Plaintiff suggests that he believes the court should have allowed all of the witnesses he requested, but the only witnesses for whom he develops an argument are those in the final category. He says these witnesses would have established that defendant Bittleman had a "habit/practice" of keeping prisoners in filthy cells, but it is unlikely that testimony about three cells could not establish that Bittleman's conduct was so "routine" that it was "semi-automatic in nature." Simplex Inc. v. Diversified Energy Systems, Inc., 847 F.2d 1290, 1293 (7th Cir. 1988). In any event, this was not an argument that plaintiff made in his petition for writs of habeas corpus ad testificandum. He said only that the witnesses would testify that "guards" were "indifferent" to complaints about unsanitary cell conditions. As I explained in the January 28, 2009 order, dkt. #141, plaintiff's failure to show that the witnesses would testify about the *defendants'* conduct was a failure to show that the testimony was relevant. To the extent plaintiff means to say now that his witnesses would have testified about Bittleman in particular, he waived that argument by failing to raise it before trial.

6

4. Motions In Limine

Plaintiff seems to object to two rulings on his motions in limine, but his grounds for doing so are not clear. In one of his motions, he moved the court to allow him to testify about his own observations of defendant Bittelman's "habit" of refusing to have the other cells cleaned. Dkt. #152. I granted his motion to the extent he wished to impeach Bittleman when and if Bittleman testified that he *did* keep the other cells clean. Plaintiff says he was confused by that ruling, but he did not ask for clarification during the final pretrial conference. Further, he does not say how he was confused or otherwise identify any evidence he was unable to submit because of this ruling.

In another motion, plaintiff sought to exclude any use of his medical records because he had not signed a release for them. This motion was denied as moot because defendants had not obtained any of those records as a result of not having a release from plaintiff. Although plaintiff seems to be unhappy with the way his motion was resolved, he fails to identify any way in which he was prejudiced at trial because of it.

5 Trial

Plaintiff claims that the trial was unfair to him for many reasons. First, he says I should have allowed him to testify that he was cold when he was in cell # 46. However, this testimony was not relevant to his claim that the defendants were deliberately indifferent to

7

the serious risk of harm to him stemming from the filthy conditions of his cell.

Second, he states that he was prejudiced because "the court conveyed a very palpable sense of urgency." Plaintiff does not explain what he means by this or otherwise develop this argument. He was able to present his entire case, including the adverse testimony of defendants' witnesses, Travis Bittelman, Mark Johnson, Todd Strupp, Gregg Grams and Sean Salter. He fails to point to any evidence or argument he was unable to present as a result of the trial's pace.

Third, plaintiff argues that the court improperly sustained evidentiary objections raised by defendants for plaintiff's asking of leading questions and giving testimony that was hearsay. In addition, plaintiff says that I made improper statements "interpret[ing] what plaintiff was trying to get to—causing plaintiff to reveal his hand and giving defendants an opportunity to anticipate." Plaintiff fails to show how any of these alleged errors could have affected the decision in this case, which means he has failed to show that he is entitled to a new trial.

Finally, plaintiff challenges my finding that he and his witnesses were not credible and entering judgment in favor of defendants. In determining the credibility of the witnesses, I found that plaintiff had more reasons not to be truthful than defendant Bittelman had. In particular, I noted that Bittleman could have suffered serious disciplinary consequences by disregarding sanitation problems in plaintiff's cell but having it cleaned cost him nothing

8

because he did not have to clean the cells himself. I also concluded that plaintiff could be motivated to lie by the potential of financial gain and that the testimony of his witnesses was not particularly believable or helpful. In challenging my decision, plaintiff simply summarizes his witnesses' testimony and criticizes the testimony of defendants. However, I do not find his version to be any more persuasive the second time around.

Plaintiff moves "in the alternative . . . to alter [the] judgment as to defendants Bittleman and Johnson and to take additional testimony." However, he does not explain the basis for this request or develop an argument in favor of it. Accordingly, I conclude that plaintiff has failed to show that he is entitled to a new trial or any other relief.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for new trial or in the alternative to alter or amend judgment, dkt. #185, is DENIED.

2. Plaintiff's motion for trial transcripts, dkt. #184, is DENIED as premature.

Entered this 27th day of April, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge